

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

*Overruled*
*by M-726*
*where conflicts*

April 11, 1961

Honorable Naomi Harney
County Attorney of Potter County
Amarillo, Texas

Opinion No. WW-1036

Re: Whether it is the official
duty of the County Attorney
to represent the Sheriff and
a Justice of the Peace in a
Civil Suit in Federal Court
under the facts stated and
related questions

Dear Mrs. Harney:

Your recent request for opinion has been received and carefully considered by this Department. We quote from your request as follows:

"Jim Line, who was sworn in as Sheriff of Potter County
on January 1, 1961, on November 6, 1960, as a citizen,
filed a complaint which was taken by Wayne Bagley,
District Attorney, against the manager and employees of
the State Theatre, charging them under Article 527, show-
ing and exhibiting lewd and lascivious motion pictures;
the complaint was filed in Justice of the Peace Court
#2 with the Justice of the Peace sitting as an examining
court in accordance with Articles 35, 245, etc., Vernon's
Texas Code of Criminal Procedure; the Defendants were
arrested and brought before the Justice of the Peace Court;
the examining trial was waived; they were committted by the
Justicé of the Peace and bond set by the Justice of the
Peace, returnable to the 47th District Court of Potter
County; at the time the Defendants were arrested by a
Deputy Sheriff, the motion picture films were seized and
placed in a safe in the Sheriff's Department where they
remain in the possession of Sheriff Line in his official
capacity; Wayne Bagley, District Attorney, presented the
case to the Grand Jury; the Grand Jury did not No-Bill or
present a True-Bill; they wrote a memorandum stating that
no action was required by them because it involved a mis-
demeanor violation, but if there was a criminal violation,
then it should be handled by the County Court because of
the interest expressed by the public in regard to better
movies; no further action has been taken in regard to this
matter in any of the State courts. On January 13, 1961, a
suit was filed in Federal Court by several movie companies
against Sheriff Jim Line and Justice of the Peace Cliff
Roberts; they ask for the following relief:

"(1)  That the Defendants, their agents, etc. be en-
joined during the pendency of the action and permanently
from infringing any part of the copy-righted motion
pictures.

"(2)  That the Defendants be required to forthwith
deliver unto Plaintiffs, the motion picture illegally
seized which were in their possession and for adjudi-
cation as to the question of whether they were lewd,
lascivious or depraved.'

"The County Attorney represented the Defendants, Sheriff
Line and Judge Cliff Roberts.  The Court sustained De-
fendants' Motion to Dismiss for lack of jurisdiction.
The Plaintiffs are appealing from this order to the
Fifth Circuit Court in New Orleans.

QUESTIONS:

"(1)  Is the County Attorney under an official legal
duty to represent these Defendants in this appeal?

"(2)  If the answer to Question No. 1 is yes, is the
Commissioners Court obligated and authorized to pay
all the expenses in connection with this appeal in-
cluding all expenses incurred by the attorney and
Court Costs should the case be reversed on appeal?

"(3)  If the County Attorney is under no legal duty to
represent these Defendants, would the Commissioners
Court be obligated and authorized to appoint an at-
torney, paying his fees and all costs in connection
with this appeal?

"(4)  The case having been presented to the Grand Jury
by the District Attorney, was it the duty of the Grand
Jury to either No-Bill or present a Misdemeanor Indict-
ment or was proper action taken when they wrote a state-
ment that if there was a violation then it should be sent
to the County Court?

"(5)  If the action of the Grand Jury was not proper,
would the complaint still be pending before the Grand
Jury until the term of Court to which the bonds were
returnable ended?"

In reference to your Question Number 1:

The office of County Attorney is established by Article V, Section

21 of the Texas Constitution which provides in part as follows:

> "The County Attorney shall represent the State in all
> cases in the District and inferior Courts in their re-
> spective counties; but if any county shall be included
> in a district in which there shall be a district at-
> torney, the respective duties of district attorneys and
> county attorneys shall in such counties be regulated by
> the Legislature."

Article 26 of the Texas Code of Criminal Procedure deals with the duties of the County Attorney in counties wherein there is a resident District Attorney and in essence gives the County Attorney the duty to represent the State in all cases in the County Court in such counties. Although there are some special statutes which impose other duties upon the County Attorneys we have been unable to find any statute or other law which requires the County Attorney to represent the county or any official thereof upon the appeal of a case. In fact in the case of Brady v. Brooks, 99 Tex. 379, 89 S.W. 1052 (1905) the Supreme Court states that the primary purpose of the District and County Attorneys is: ". . . to prosecute the pleas of the State in Criminal cases." (P. 1056)

In reference to your Question Number 3:

The County has not been made a party to the suit simply because of the fact that some County Officials are being sued. Davis v. Wildenthal, 214 S.W.2d 620 (Civ. App. 1951, error refused n.r.e.). Since the County is not a party to the suit it is neither authorized nor obligated to furnish an attorney for the officials who are being sued.

In reference to your Question Number 4:

Under Article 391, Texas Code of Criminal Procedure, a Grand Jury may return an indictment if it, in its discretion, sees fit to do so. That a Grand Jury may also make recommendations is a well established tradition of our jurisprudence. It therefore follows that the action of the Grand Jury in this case was entirely within their power and was proper.

Since the action of the Grand Jury was proper, your last question, by its terms, need not be answered.

## S U M M A R Y

It is not the duty of the County Attorney to
represent either the Sheriff or a Justice of
the Peace in Federal Appellate Court. Since
the suit is a suit against the Sheriff and a
Justice of the Peace individually, the County

is not a party and the County is neither au-
thorized nor obligated to furnish an attorney
for those two officials.  The action of the
Grand Jury in refusing to return an indictment
and writing a memorandum about the case was
within the scope of its power and not improper.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Sam R. Wilson
Assistant Attorney General

SRW:br

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

W. Ray Scruggs
J. Arthur Sandlin
Iola Wilcox

REVIEWED FOR THE ATTORNEY GENERAL

BY:  Morgan Nesbitt